JOSEPH KOTA

*v.*

THE PEOPLE OF THE STATE OF ILLINOIS.

*Filed at Ottawa March 30, 1891.*

1. CRIMINAL LAW—*murder—malice defined.* Upon the trial of one charged with murder, it was held, express malice is that deliberate intention unlawfully to take the life of a fellow creature which is manifested by external circumstances capable of proof. It is implied when no considerable provocation appears, or when all the circumstances of the killing show an abandoned and malignant heart.

2. The fact that shortly previous to the killing, the deceased and defendant were good friends, is not, under many circumstances, inconsistent with the existence of malice in the mind of the accused. Hatred or ill-will toward the person killed need not exist in the mind of the slayer for any considerable length of time, in order to constitute malice aforethought.

3. SAME—*homicide—matters in mitigation—burden of proof.* Where the killing of a human being is proved, the burden of proving circumstances in mitigation is upon the accused, unless the proof on the part of the prosecution sufficiently manifests that the crime only amounts to manslaughter.

4. SAME—*self-defense—an instruction construed—as, whether holding danger must be actual or only apparent.* An instruction on the trial of a person under an indictment for murder, that justifiable homicide is

the killing óf a human being in necessary self-defense, or under circumstances sufficient to excite the fears of a reasonable person, and induce him, as a reasonable person, to believe that in order to save his own life or prevent him from receiving great bodily harm it was necessary to take the life of the person killed, is not subject to the objection that it leaves the jury to infer that self-defense can only be established by proof of *actual* danger.

5. SAME—*witnesses—names not on indictment.* There is no requirement of the law of this State that the names of the witnesses for the prosecution shall appear on the back of the indictment, except those who testify before the grand jury. The defendant is entitled to reasonable notice of the witnesses who will appear against him, and in cases of felony, to a list of such witnesses, at the time of his arraignment. But the court, in the exercise of a sound discretion, may allow other witnesses to be called by the State.

6. SAME—*witness present and hearing testimony of other witnesses.* It is no valid objection to a witness called by the People in a criminal case, that he was in the court room and heard the testimony of other witnesses, when his presence was not contrary to the order of the court, and even if he remained in court contrary to such an order, that would not disqualify him as a witness.

7. SAME—*evidence—limiting cross-examination.* On the trial of one for murder, the court may reasonably limit the attorneys for the defense in their cross-examination of certain witnesses for the People.

WRIT OF ERROR to the Circuit Court of La Salle county; the Hon. CHARLES BLANCHARD, Judge, presiding.

Messrs. HALL & HASKINS, and Mr. SILAS H. STRAWN, for the plaintiff in error.

Mr. GEORGE HUNT, Attorney General, for the People.

Mr. JUSTICE WILKIN delivered the opinion of the Court:

At the October term, 1889, of the circuit court of LaSalle county, plaintiff in error was convicted of the crime of murder, and sentenced to the penitentiary for a term of forty years. The indictment on which he was convicted, charged him with killing one George Bartkiewitz, by stabbing. The killing is not denied, but it was insisted upon the trial below that it

was done in self-defense. It is here urged as a ground of reversal, that even if the homicide was not justifiable, yet the verdict of the jury finding the defendant guilty of murder was unauthorized by the evidence, for the reason that malice on the part of the accused toward the deceased was not proved, and therefore, it is said, that at most the crime was only manslaughter.

The undisputed evidence shows that the parties, shortly prior to the killing, had been fighting, and had been twice separated and again renewed the fight. They had, previous to that day, been good friends; but that fact was, under the circumstances, not inconsistent with the existence of malice in the mind of the accused at the time of the killing. "Express malice is that deliberate intention unlawfully to take away the life of a fellow creature which is manifested by external circumstances capable of proof. Malice is implied when no considerable provocation appears, or where all the circumstances of the killing show an abandoned and malignant heart." It has never been held that hatred or ill-will toward the deceased need exist in the mind of the slayer for any considerable length of time in order to constitute malice aforethought. *Peri v. The People*, 65 Ill. 17.

The State having proved the killing, the burden of proving circumstances in mitigation was upon the defendant, unless the proof on the part of the prosecution sufficiently manifested that the crime only amounted to manslaughter. The evidence on the part of the prosecution in this case tends to show that the stabbing was done deliberately, after the last fight between the deceased and the accused had ceased, and without any immediate provocation whatever. In fact, if the jury believed the testimony of the witnesses who swore they were present and saw the prisoner inflict the fatal wound, they could do no less than find him guilty of murder. On the other hand, if they should have disbelieved these witnesses, and accepted the testimony of the accused as true, they should have found

that the killing was done in necessary self-defense, and returned a verdict of not guilty.

We have read the testimony in this record, and given due consideration to the comments of counsel for plaintiff in error as to the credibility of witnesses on behalf of the prosecution, detailing the circumstances under which the stabbing was done, and are convinced that the verdict of the jury was not only fully authorized, but that no other could have been returned consistent with the evidence.

Another ground of reversal insisted upon is, that the court erred in its rulings upon the competency of evidence, and in limiting the attorneys for the defense in their cross-examination of certain witnesses for the prosecution. We have examined the point with care, and find no substantial error in this regard.

It is further objected, that a witness was permitted to testify, at the instance of the prosecution, whose name did not appear on the back of the indictment. There is no requirement of the law of this State that the names of witnesses for the prosecution shall appear upon the back of the indictment, except those who testify before the grand jury. It is true that the defendant is entitled to reasonable notice of the witnesses who will appear against him, and in cases of felony, to a list of such witnesses, at the time of his arraignment; but we have frequently held, that the trial court may, in the exercise of a sound legal discretion, allow other witnesses to be called by the State. We discover nothing in this case to indicate that such a discretion was abused to the prejudice of the defendant.

The objection to a witness testifying on behalf of the People because he was in the court room and heard the testimony of other witnesses, was properly overruled. There is nothing in the record, neither is it stated in the argument, that he was in the court room contrary to the order or instructions of the court. Even if he was, that fact would not disqualify him as a witness. 3 Wharton on Crim. Law, sec. 3009 a.

The court instructed the jury, that "justifiable homicide is the killing of a human being in necessary self-defense, or under circumstances sufficient to excite the fears of a reasonable person, and induce him, as a reasonable person, to believe that in order to save his own life or prevent him from receiving great bodily harm it was necessary to take the life of the person killed." This instruction, it is said, left the jury to infer that self-defense could only be established by proof of actual danger. While actual danger is not necessary to justify a resort to self-defense, yet the circumstances must be such as to induce a reasonable and well-grounded belief of danger of actual loss of life or great bodily harm. This instruction is in conformity with the law as announced by this court in *Campbell* v. *The People*, 16 Ill. 17, *Schnier* v. *The People*, 23 id. 29, *Maher* v. *The People*, 24 id. 242, and *Davison* v. *The People*, 90 id. 231.

The objections made to the second and sixth of the People's instructions are not tenable.

The defendant asked twenty-seven instructions, some of them quite lengthy. The court refused to give quite a number of them, and modified others, and this is also assigned for error. We think the jury was fully and fairly instructed as to the law of the case. The giving of those refused would not have further enlightened them as to their duty, under the evidence. The modification of those modified was not improper.

We find no reversible error in this record.

*Judgment affirmed.*